IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ADRIAN ORVILLE MOORE # 192273**                                   **PETITIONER**

**versus**                                                         **NO. 1:19cv530-LG-RHW**

**ANDREW MILLS, Warden**                                            **RESPONDENT**

**REPORT AND RECOMMENDATION**

Before the Court are [1] the Petition for Writ of Habeas Corpus filed by Adrian Orville Moore pursuant to 28 U.S.C. § 2254, and [11] Respondent's October 7, 2019 motion to dismiss the petition as untimely filed. Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted, and the petition for federal habeas relief, dismissed as untimely filed.

Facts and Procedural History

Adrian Moore is a Mississippi Department of Corrections (MDOC) inmate presently confined at South Mississippi Correctional Institution (SMCI) serving consecutive sentences of life and 20 years for Jackson County convictions of murder and aggravated assault, respectively. Moore was convicted by jury and sentenced on July 25, 2014. [1], [11-1] The Mississippi Court of Appeals affirmed the convictions and sentences in March 2016. *Moore v. State*, 204 So.3d 339 (Miss. Ct. App. 2016), *reh'g denied* August 9, 2016; the Mississippi Supreme Court denied *certiorari* on October 27, 2016, and the mandate issued December 13, 2016. [11-3] Since Moore admittedly filed no petition for writ of *certiorari* in the United States Supreme Court [1, p. 3], the judgment became final on January 25, 2017, ninety days after the Mississippi Supreme Court denied *certiorari*.

A chronology of other pleadings filed by or on behalf of Moore, and their respective dispositions include the following:

October 25, 2016 - Moore's trial counsel Michael Crosby (who did not represent Moore on appeal) filed a motion seeking "leave to file short legal argument/brief" in support of Moore's petition for writ of *certiorari* in the direct appeal.  [11-4]   Finding this motion untimely filed (over a month after the petition for *certiorari* was filed), the Mississippi Supreme Court denied it on December 2, 2016, without prejudice to Crosby's filing a post-conviction application on Moore's behalf.  [11-5]   Crosby filed nothing more.

November 3, 2016 – Moore filed a *pro se* "motion to present newly found evidence" (dated October 31, 2016).  [11-6]   The Mississippi Supreme Court treated the motion as one for post-conviction relief, and denied it as such on December 7, 2016, finding Moore "failed to properly support his contention" that there is newly discovered evidence requiring vacation of his convictions/sentences.  [11-7]

December 15, 2016 – Moore filed a *pro se* two-sentence motion requesting "audio analysis of the dash cam video" because it might contain information that could not be heard at trial due to its "unclear and muffled condition."  [11-8]   Finding it no longer had jurisdiction since the mandate had issued December 13, 2016 (and noting its review was limited to what was before the trial court), the Mississippi Supreme Court denied the motion on January 26, 2017.  [11-9]

December 1, 2018 – Moore filed a *pro se* document titled "New Found Evidence," contending the assault victim and three police officers gave false trial testimony.  [11-10]   The Mississippi Supreme Court considered this motion as one for post-conviction relief and denied it as such on March 4, 2019.  [11-11]

On April 30, 2019, Moore filed a *pro se* habeas corpus (dated April 22, 2019) in state court.  [11-12]   The Mississippi Supreme Court considered the habeas corpus as a post-conviction motion, held it was a successive writ, found "Moore has presented no arguable basis for his claims," and denied the motion on July 16, 2019.  [11-13]

Moore's undated petition for federal habeas relief was received and filed by the clerk of this court on August 19, 2019.   Respondent seeks dismissal of the petition as untimely filed.

<u>Law and Analysis</u>

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by

>> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A) Moore's judgment of conviction became final January 25, 2017, when the 90-day period for filing a petition for writ of *certiorari* in the United States Supreme Court expired. Absent a "properly filed" post-conviction application to toll the limitations period, or some "rare and exceptional" circumstances warranting equitable tolling, Moore's window for filing a federal habeas petition closed January 25, 2018. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The limitations period is tolled under § 2244(d)(2) while a properly filed state post-conviction application is pending; an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Flanagan v. Johnson*, 154 F.3d at 199, n.1.

The undersigned has examined the above-outlined pleadings filed by or for Moore and finds, for the reasons which follow, that none of them operated to toll the AEDPA one-year statute of limitations for filing a federal habeas action. The Crosby motion was filed in Moore's direct appeal proceedings *before* the judgment of conviction became final and before the one-year federal limitations began to run. Moore's November 2016 motion to present newly found evidence, although considered and denied as a post-conviction motion by the state court, was also filed *before* the federal statute of limitations began to run on January 25, 2017, thus it could

not result in statutory tolling.   The Mississippi Supreme Court held it had no jurisdiction when it denied Moore's December 2016 motion for "analysis of evidence," and the limitations period did not begin to run until January 25, 2017.   *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (quoting *Artuz*, 531 U.S. at 8).   As Respondent points out, even if the pleading were deemed to be a properly filed post-conviction motion, it was denied the day after the judgment became final and at most would toll the limitations period for only one day.

Moore's December 2018 filing titled "new found evidence," which the Mississippi Supreme Court considered and denied as a post-conviction motion, was filed more than ten months *after* the statute of limitations expired on January 25, 2018.   An application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).   *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired"). This authority likewise precludes finding that Moore's April 2019 state court habeas corpus resulted in any statutory tolling.   A petition which cannot be initiated or considered because it fails to include a timely claim is not properly filed.   *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citing *Artuz,* 531 U.S. at 10).   The undersigned finds no tolling pursuant to 28 U.S.C. § 2244(d)(2) in this case.

The undersigned further finds that Moore has presented nothing to warrant equitable tolling of the statute to excuse his untimely filing of the petition in this court.   Equitable tolling is permitted only in "rare and exceptional circumstances."   *Scott v. Johnson*, 227 F.3d at 263; *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (proceeding *pro se*, inadequacies in a prison law library, or lack of knowledge of filing deadlines do not constitute rare and exceptional circumstances to justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)

(neither ignorance of the law nor limited access to outside information constitute rare and exceptional circumstances to excuse untimely filing). A "garden variety claim of excusable neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011).

To be entitled to equitable tolling, a petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

> Equitable tolling … applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Moore has not shown he was actively misled or was prevented in some extraordinary way from asserting his rights; he has not met his burden to establish that he is entitled to equitable tolling.

The undersigned is aware that Moore previously filed a habeas petition in this court challenging the same convictions as in the present petition. However, the undersigned finds the prior filing presents no valid grounds for equitable tolling in the current case. The AEDPA statute of limitations expired January 25, 2018; Moore's prior petition was filed May 7, 2018. In *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001), the Court upheld denial of equitable tolling due to a four-month filing delay. The respondent moved to dismiss the first petition on grounds that it was filed after the statute of limitations expired, or alternatively on grounds that Moore failed to exhaust his claims prior to filing it. On March 19, 2019, the Court dismissed

that petition on exhaustion grounds and did not address the timeliness of that petition, or of any future petition Moore might file. *Moore v. Mills*, No. 1:18cv156-HSO-FKB, 2019 WL 1310222 (S.D. Miss. March 22, 2019). Nothing in the Court's order misled Moore about the limitations issue. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because the AEDPA limitations period expired before Moore filed the prior petition, the earlier filing warrants neither statutory nor equitable tolling.

On November 12, 2019, Moore filed a one-page document stating he was "amending his claims to actual innocence, and miscarriage of judgment (*sic*) …," and repeating the allegations of his petition. [14] Warden Mills filed a response to the document on November 26, 2019, urging denial of the amendment due to Moore's delay, bad faith or dilatory motive, and undue prejudice to Respondent, and alternatively arguing that Moore failed to carry his burden to establish the prerequisites of a miscarriage of justice claim. [15] A petitioner may be allowed to proceed on the merits of an untimely habeas petition if he shows his case comes within the "fundamental miscarriage of justice" exception. "[A]ctual-innocence is not an independently cognizable federal *habeas* claim." *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Reed v. Stephens*, 739 F.3d 753, 766-767 (5th Cir. 2014). However, if proven, actual innocence can overcome application of the federal limitations bar. *Id.*; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence … serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations."). To open the gateway for federal habeas review the petitioner must (1) present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence;" (2) which "was not presented at trial;" and (3) in light of which, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S.

298, 317, 324-327 (1995)); *McQuiggin*, 569 U.S. at 386 (credible showing of actual innocence requires production of new evidence sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Moore has produced no such evidence, and the undersigned finds his actual innocence, miscarriage of justice claim fails to open the gateway for federal review of his untimely petition.

## RECOMMENDATION

Based upon the foregoing, the undersigned finds Moore's petition in this case was untimely filed, that he is not entitled to statutory tolling or equitable tolling of the limitations period, and that he has failed to make the requisite showing for application of any actual innocence, miscarriage of justice exception to the statute of limitations. The undersigned recommends that Respondent's motion to dismiss be granted, and Moore's petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may serve and file with the Clerk of Court his written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Responses to objections may be filed within seven days after service of the objections. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 1st day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE